## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## PADUCAH DIVISION

**CIVIL ACTION NO. 5:22-CV-00136**

**ANDRE FANT, JR.**                                              **PETITIONER**

**V.**

**DAVID GREEN, WARDEN**                                      **RESPONDENT**

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on a Petition for Writ of Habeas Corpus filed by Petitioner Andre Fant, Jr., pursuant to 28 U.S.C. § 2254.  [DN 1].  The case was referred to United States Magistrate Lanny King for resolution of all non-dispositive matters and for preparation of Findings of Fact, Conclusions of Law, and Recommendations pursuant to 28 U.S.C. §§ 636(b)(1)(A) and (B).  Magistrate Judge King filed his Findings of Fact and Recommendations.  [DN 26].  Petitioner timely filed objections to the Findings of Fact and Recommendations.  [DN 28].  The Respondent did not respond, and the matter is now ripe for consideration.

### I.  BACKGROUND

Petitioner was convicted of three counts of complicity to first-degree robbery (KRS § 515.020, KRS § 502.020) and three counts of complicity to first-degree assault (KRS § 508.010, KRS § 502.020) after a jury trial in Jefferson Circuit Court.  *Fant v. Commonwealth*, No. 2006-SC-000862-MR, 2007 WL 3226211, at *1 (Ky. Nov. 1, 2007).  He was sentenced to 60 years for complicity to robbery and 10 years for complicity to assault for a total of 70 years.  *Commonwealth v. Fant*, Criminal Action No. 05-CR-01757.  Pursuant to administrative regulations and case law, Petitioner will have to serve 85% of that 70-year sentence

or 20 years, whichever is less, before he is eligible for parole.  501 KAR 1:030 Section 3(1)(e)(2); KRS § 439.3401.  Therefore, Petitioner's original parole eligibility date was in April 2025.

In 2017, a Lyon Circuit Court Grand Jury indicted Petitioner for conduct that occurred while he was incarcerated: one count of first-degree riot, three counts of third-degree assault, and one count of second-degree persistent felony offender ("PFO").  [DN 25-2].  Petitioner pleaded guilty to one count of first-degree riot and two counts of third-degree assault with the Commonwealth dismissing one count of third-degree assault and the persistent-felony-offender count.  Petitioner was sentenced to 4 years for the riot count to run consecutively with the 5 year concurrent sentences on the assault counts for a total of 9 years.  It is undisputed that Petitioner's counsel informed him that his plea to these charges would not affect his parole eligibility date.

However, in calculating Petitioner's parole eligibility date on the 2017 charges, the Kentucky Department of Corrections concluded that for the 4-year sentence on the riot count, Petitioner would have to serve 10 months (20% of 4 years) and for each 5-year sentence on the two assault counts, Petitioner would have to serve 1 year (20% of 5 years) on each count.  Consequently, the 2017 charges for which he pleaded guilty added 2 years and 10 months to his parole eligibility date.  Petitioner's status as a state inmate when he committed the 2017 offenses triggered the application of 501 KAR 1:030 Section 3(4), which governs parole eligibility for crimes committed while an inmate.  Under this regulation, Petitioner's "eligibility time towards parole consideration on the latter sentence shall not begin to accrue until he becomes eligible for parole on his original sentence."  As such, his parole eligibility date does not begin to accrue until after the April 8, 2025, date, and his parole eligibility date is now approximately February 2028.

Petitioner brought this writ of habeas corpus pursuant to 28 U.S.C. § 2254 on the ground that his trial counsel provided ineffective assistance in misadvising him that his 2017 plea would

2

not affect his parole eligibility. [DN 1]. Petitioner claims that the longer period of parole ineligibility would have caused him to reject the plea bargain. [*Id.*].

A district court may refer a motion to a magistrate judge to prepare a report and recommendation. 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b)(1). "A magistrate judge must promptly conduct the required proceedings . . . [and] enter a recommended disposition, including, if appropriate, proposed findings of fact." Fed. R. Civ. P. 72(b)(1). This Court must "determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). The Court will therefore determine *de novo* that portion of the Finding of Facts and Recommendation [DN 26] to which Petitioner objects.

In his Findings of Fact and Recommendations [DN 26], the Magistrate Judge accepted Petitioner's claim that trial counsel misinformed him about the parole eligibility issue and that this mis-advice "constituted deficient performance" that fell below an objective standard of reasonableness. [DN 26]; *Strickland*, 466 U.S. at 688. The Magistrate Judge denied Petitioner habeas relief and held that the Kentucky Court of Appeals RCr 11.42 decision that Petitioner failed to satisfy the prejudice prong of *Strickland* was not contrary to Supreme Court precedent under § 2254(d)(1). [DN 26 at 4 (citing *Fant v. Commonwealth*, No. 2021-CA-0253-MR, 2022 WL 982025, at *2 (Ky. Ct. App. Apr. 1, 2022))]. Petitioner objected to the Findings of Fact and Recommendation arguing that he would have rejected the plea agreement because it increased his parole eligibility by two years and 10 months and that the length of his sentence was of no importance because he was already serving a 70-year sentence. [DN 28].

Petitioner having objected to the Magistrate Judge's determination on this issue, this Court will therefore determine *de novo* whether it was objectively reasonable for the state appellate court

to determine that Petitioner's rejection of the plea offer would not have been rational.  Fed. R. Civ.

P. 72(b)(3).

## II.  STATE COURT DECISION

In denying Petitioner's RCr 11.42 motion, the Kentucky Court of Appeals held:

The first prong of the *Strickland* standard is not in contention in this appeal. The trial court determined that counsel gave Fant incorrect advice about his parole eligibility as it relates to his guilty plea, stating: "It does appear that counsel's statement about parole eligibility was incorrect judging from the Department of Corrections apparently adding three more years to the previous maximum of 20 years under the existing sentence." R. at 183.

Nevertheless, Fant must still prove the second prong of the Strickland standard. The defendant has the duty to "affirmatively prove prejudice." *Strickland*, 466 U.S. at 693, 104 S. Ct. at 2067. . . .

In the context of a guilty plea, "[a] conclusory allegation to the effect that absent the error the movant would have insisted upon a trial is not enough. The movant must allege facts that, if proven, would support a conclusion that the decision to reject the plea bargain and go to trial would have been rational[.]" *Stiger v. Commonwealth*, 381 S.W.3d 230, 237 (Ky. 2012) (emphasis added) (citation and footnote omitted).  "The likelihood of a different result must be substantial, not just conceivable." *Harrington v. Richter*, 562 U.S. 86, 112, 131 S. Ct. 770, 792, 178 L. Ed. 2d 624 (2011) (emphasis added).

The question is whether, had Fant been given correct advice from counsel, "there is a reasonable probability that he would have rejected the Commonwealth's plea offer and taken his chances at trial." *Stiger*, 381 S.W.3d at 237.  Even if Fant had received correct advice from counsel, it would not have been rational for Fant to reject the offer.  Any conviction for Fant's rioting and assault charges would have extended his parole eligibility.  Acquittal was Fant's only chance to avoid such an extension, but Fant has made no claim that he was not guilty of the charges or that, had he insisted upon trial, a reasonable jury would have acquitted him of all charges.  As the trial court noted, had Fant proceeded to trial, he would have been facing a sentence of up to twenty years.  Ultimately, Fant's guilty plea resulted in his receiving parole eligibility sooner than if he had received the maximum sentence at trial.

Based on the strength of the Commonwealth's case and the penalties Fant faced if convicted by a jury, we must agree with the trial court that no rational person would have rejected the plea agreement, even if correctly advised on how the new sentences would affect his parole eligibility. *Id.* at 238.  Given Fant's failure to

demonstrate any actual prejudice that resulted from counsel's putatively incorrect advice, the trial court did not err in denying Fant's motion.

*Fant v. Commonwealth*, No. 2021-CA-0253-MR, 2022 WL 982025, at *2–3 (Ky. Ct. App. Apr. 1, 2022).

### III.  STANDARD OF REVIEW

"When the Court conducts a review under 28 U.S.C. § 2254(d)(1), it must look only to the clearly established precedent of the United States Supreme Court."  *Vasquez v. Adams*, No. 319CV00756RGJHBB, 2020 WL 10241737, at *5 (W.D. Ky. Aug. 10, 2020) (citing *Lockyer v. Andrade*, 538 U.S. 63, 70–71 (2003)).  The Sixth Amendment to the United States Constitution guarantees a defendant the right to counsel.  The relevant standard for establishing ineffective assistance of counsel appears in the seminal Supreme Court case, *Strickland v. Washington*, 466 U.S. 668, 686 (1984).  A petitioner must show two essential elements: that counsel's performance was deficient and that the deficiency prejudiced the defense to such a degree that the trial result is unreliable or considered to be unfair.  *Strickland*, 466 U.S. at 686; *Bigelow v. Williams*, 367 F.3d 562, 570 (6th Cir. 2004).

"The Supreme Court extended *Strickland* to apply when a defendant alleges his decision to accept a plea offer was the result of ineffective assistance of counsel."  *Vasquez*, No. 2020 WL 10241737, at *5 (citing *Hill v. Lockhart*, 474 U.S. 52, 56 (1985)).  "Under *Hill*, the performance prong of the *Strickland* test remains the same."  *Id.*  But, to establish prejudice, the petitioner must show but for counsel's errors, there is a reasonable probability he would have not pleaded guilty.  *Hill*, 474 U.S. at 58; *Strickland*, 466 U.S. at 687.  In turn, a reasonable probability is "a probability sufficient to undermine confidence in the outcome."  *Burton v. Renico*, 391 F.3d 764, 773 (6th Cir. 2004) (internal quotation mark omitted).

"Such a reasonable probability must be an objective one.  In other words, a petitioner's mere insistence, in the face of overwhelming evidence of guilt or the possibility of extreme punishment that he or she would have insisted upon going to trial nevertheless will not satisfy the prejudice prong of the *Hill* test."  *Booker v. Litteral*, No. 3:17-CV-P55-DJH, 2017 WL 6811978, at *12 (W.D. Ky. Aug. 22, 2017) (citing *Pilla v United States*, 668 F.3d 368, 373 (6th Cir. 2012)). Instead, a petitioner must prove objectively that "a decision to reject the plea bargain would have been rational under the circumstances."  *Pilla*, 668 F.3d at 373 (quoting *Padilla v. Kentucky*, 559 U.S. 356, 372 (2010)); *see also Greene v. White*, No. 3:16CV-00223-DJH, 2016 WL 8996947, at *3 (W.D. Ky. Oct. 13, 2016); *Vasquez*, 2020 WL 10241737, at *5.

On habeas review pursuant to 28 U.S.C. § 2254(d)(1)[1], a federal court must determine whether the state court's rulings on the ineffective-assistance-of-counsel claims were "contrary to, or involved an unreasonable application of," *Strickland*.  *Harrington v. Richter*, 562 U.S. 86, 101 (2011); *Wiggins v. Smith*, 539 U.S. 510 (2003).  Under the "unreasonable application" clause of § 2254(d)(1), "the Court may grant the writ if the state court identifies the correct governing legal rule from the Supreme Court's decisions but unreasonably applies that principle to the facts of the prisoner's case."  *Vasquez*, 2020 WL 10241737, at *5 (citing *Williams v. Taylor*, 529 U.S. 362, 407–408, 413 (2000)).  When the Court makes the "unreasonable application" inquiry it "'should ask whether the state court's application of clearly established federal law was objectively unreasonable.'"  *Id.* at *2 (quoting *Williams*, 529 U.S. at 409).  "The state court's application of clearly established federal law must be more than simply erroneous or incorrect, it must be

---

[1] Section 2254(d)(1) provides:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;
. . . .

objectively unreasonable." *Id.* (citing *Williams*, 529 U.S. at 409–411). "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington*, 562 U.S. at 101.

Section 2254(d) and *Strickland* provide "dual and overlapping" standards, which the Court applies "simultaneously rather than sequentially." *Richardson v. Branker*, 668 F.3d 128, 139 (4th Cir. 2012). Although a petitioner's burden is heavy, deference to the state court's decision "does not imply abandonment or abdication of judicial review [and] does not by definition preclude relief." *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003); *Dodson v. Ballard*, 800 F. App'x 171, 176–77 (4th Cir. 2020).

## IV. DISCUSSION

Based on the standards articulated in § 2254(d)(1), the Court concludes that the state court adjudication of Petitioner's ineffective-assistance-of-counsel claim involved a reasonable application of *Strickland* and clearly established federal law. *See Harrington*, 562 U.S. at 100–101.

Petitioner has not provided support for the notion that the Kentucky Court of Appeals acted contrary to federal law or misapplied *Strickland. See Swain v. Chandler,* No. 321-CV-00131-RGJ-HBB, 2022 WL 21851468, at \*11 (W.D. Ky. Apr. 7, 2022), *report and recommendation adopted*, No. 3:21-CV-131-RGJ, 2022 WL 21852283 (W.D. Ky. May 2, 2022). The state court reasonably determined there was no reasonable probability, much less a probability sufficient to undermine the outcome, that Petitioner would have turned down the plea offer. Petitioner has never argued that he is innocent of the underlying charges. And, contrary to Petitioner's argument, a rational person in his position would have considered the length of the actual sentence for the new charges, "especially since parole is not a guarantee regardless of eligibility." *Smith v. Meko*,

No. CV 5:15-252-DCR, 2016 WL 1411369, at *10 (E.D. Ky. Apr. 11, 2016), *aff'd*, 709 F. App'x 341 (6th Cir. 2017). The maximum penalty for Petitioner's 2017 convictions was 20 years to run consecutively with his 70-year sentence. Petitioner's attorney negotiated a 9-year sentence—an 11-year reduction from the maximum sentence. The state court reasonably determined that it would *not* be rational for a defendant to reject a plea deal which reduced his or her sentence from a potential of 20 years to 9 years.

The Kentucky Court of Appeals also held that Petitioner's "guilty plea resulted in his receiving parole eligibility sooner than if he had received the maximum sentence at trial" which, when considered in light of the significantly reduced sentence, supported the finding "that no rational person would have rejected the plea agreement." *Fant*, 2022 WL 982025, at *3. This determination is an objectively reasonable application of *Strickland*. In fact, analyzing the parole eligibility issue without considering the Petitioner's potential sentence if convicted as advocated by Petitioner is not objectively reasonable under the facts of this case. The possibility of becoming parole eligible a little earlier is "inconsequential when compared with the greater risk of [eleven] additional years in prison." *Smith*, 2016 WL 1411369, at *10.

For these reasons, the Court finds that the ruling by the Kentucky Court of Appeals on Plaintiff's *Strickland* claim is objectively reasonable. Petitioner has failed to "show that the state court's ruling on the claim . . . was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington v. Richter*, 562 U.S. 86, 103 (2011). Therefore, Petitioner is not entitled to the issuance of a writ of habeas corpus, and his petition will be denied.

## V.  CERTIFICATE OF APPEALABILITY

An individual who unsuccessfully moves to vacate, set aside or correct his sentence pursuant to § 2254 and subsequently seeks appellate review must secure a Certificate of Appealability ("COA") from either "a circuit justice or judge" before the appellate court may review the appeal.  28 U.S.C. § 2253(c)(1)(B); Fed. R. App. P. 22(b).  A district court must issue or deny a certificate of appealability and can do so even though the movant has yet to make a request for such a certificate.  *Castro v. United States*, 310 F.3d 900, 903 (6th Cir. 2002).  "Where a district court has rejected the constitutional claims on the merits, . . . [t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  The Court is satisfied in the instant case that no jurists of reason could find its ruling to be debatable or wrong.  Thus, a certificate of appealability must be denied.

## VI.  CONCLUSION

For the reasons stated above, the Court **DENIES** the writ of habeas corpus and **DENIES** Petitioner a certificate of appealability.

Date:  April 12, 2024

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc:      Petitioner, *pro se*
         Counsel of Record
4414.014